Mr. Steve Geddes, C.L.T. Director of Recreation Valley Center Recreation Commission 117 North Park Valley Center, Kansas 67147
Dear Mr. Geddes:
As director of recreation of the Valley Center recreation commission (commission), you request our opinion concerning the applicability of the Kansas open meetings act (KOMA), K.S.A. 75-4317 et seq., to parental boards of the recreation commission.
You inform us that youth baseball, softball, soccer and wrestling programs are administered by parental boards. These boards set the rules, regulations and guidelines under which these different programs operate. Although the boards generate funds by charging a user fee to the participants, these programs are under the "auspices" or "umbrella" of the Valley Center recreation commission.
You further inform us that the members are generally comprised of parents whose children participate in the program. The members are selected without the involvement of the commission. The boards at times appear before the commission to request different types of financial assistance, joint financial ventures, help in operating a part of their program/special event, or use of the commission's equipment.
The KOMA provides that it is "the policy of this state that meetings for the conduct of governmental affairs and the transaction of governmental business be open to the public." K.S.A. 75-4317. "All meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds shall be open to the public." K.S.A.75-4318.
The above language sets forth a two-part test which must be met for a body to be subject to the KOMA: (1) the body is a legislative or administrative agency of the state or one of its political or taxing subdivisions, or is subordinate to such a body; and (2) the body receives, expends, or is supported in whole or in part by public funds, or, in the case of subordinate groups, has a parent or controlling body which is so supported.
The application of the KOMA to groups subordinate to public bodies is addressed in State ex rel. Murray v. Palmgren, 231 Kan. 524 (1982). Attorney General Opinion No. 84-81 concluded that advisory committees appointed by a school district board are themselves subject to the KOMA, even though the advisory committee neither receives nor expends public funds, and is not supported in whole or in part by public funds. Attorney General Opinion No. 86-38 stated that a board of trustees of a city hospital appointed by the city council, is a "subordinate group" of a legislative body which receives and expends public funds, and is subject to the KOMA. Attorney General Opinion No. 86-84 stated that an advisory board to a county fire district appointed by the board of county commissioners is a subordinate group subject to the KOMA. However, Attorney General Opinion No. 86-92 examined the application of the KOMA to the "Consultant Selection Committee" which consisted of three city employees chosen by the city manager to assist in the selection process of job applicants. We concluded that the committee is not subject to the KOMA because the individuals did not make any collective decisions as a group, but they lend their expertise and provided information individually in assisting the city manager.
The members of the parental boards in question are not appointed by the commission. You inform us that the board members select themselves. However, we do not believe this is a critical difference which distinguishes the opinions cited above. The parental boards charge a user fee to the participants to generate funds for the programs. However, the boards receive financial assistance and help in operating a part of their program or special events, and participate in joint financial ventures. They use equipment owned by the commission. Although the director of recreation or the assistant director has the most contact with the parental boards during the season, the boards do sometimes appear before the commission. The boards set the rules, regulations and guidelines under which these different programs operate. For example, you sent us a copy of guidelines between the wrestling club and the commission to turn over the funds to the commission and to come under the auspices of the commission.
The commission is an administrative body which receives and expends public funds, and the parental boards are subordinate to the commission. The parental boards are not merely advisory without decision-making authority, nor are they independent entities which have some connection by contract or other tie to a government entity under the analysis inMemorial Hospital Association Inc. v. Knutson, 239 Kan. 663, 671 (1986). The boards perform functions that would otherwise have to be performed by the commission. The boards would not exist independently but for the commission.
It is our opinion that the parental boards which administer the programs of youth baseball and softball, youth soccer and youth wrestling are subject to the KOMA, in that the boards receive financial assistance, use the commission's equipment, and operate under the guidelines agreed to by the commission. Although the board members are not appointed by the commission, nor do they receive salary, under the facts of this case, the parental boards are not independent entities from the commission. The parental boards are subordinate groups of a political sub-division that receives or expends and is supported in whole or in part by public funds.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas